1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

TRAVELERS CAS. & SUR. CO. OF
AM.,

Plaintiff, Counter Defendant,

 v.

ALBERTO VÁZQUEZ COLÓN;
HILDA PIÑEIRO CÁCERES; CARLOS
GONZÁLEZ TORRES; IVETTE
GÓMEZ DÍAZ; MIGUEL BERMÚDEZ
CARMONA; ALUMA CONSTR.
CORP.; VIEQUES CONCRETE MIX
CORP.; INTER-ISLAND FERRY SYS.
CORP.; VIEQUES F.O.& G INC., and;
PUERTO RICO AQUEDUCTS AND
SEWER AUTH.; et al.,

Defendants, Cross Claimants, Counter
Claimants, Cross Defendants.

CIVIL NO. 18-1795 (GAG)

## <u>MEMORANDUM ORDER</u>

Pending before the Court is Travelers Casualty & Surety Company of America's ("Travelers") motion for reconsideration of the Court's omnibus Opinion and Order granting in part and denying in part Travelers' motion for summary judgment against Aluma Construction Corp. ("Aluma") and the Puerto Rico Aqueduct and Sewer Authority ("PRASA") under Article 1489 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 4130, and the General Agreement of Indemnity ("GAI"). (Docket No. 445). Travelers claimed a total of $227,024.28, which is comprised of $175,199.70 for payments made to Aluma's laborers and materialmen and $51,824.58 "for costs and expenses incurred investigating, negotiating, settling claims made by Aluma's laborers and

**Civil No. 18-1795 (GAG)**

materialmen, and obtaining releases from them (which are explicitly recoverable under the GAI)." (Docket No. 445 at 2-3).

The Court ruled that Travelers is entitled to $175,199.70 from the remaining contract balance deposited with the Court as the second-in-line Article 1489 claimant, which was the amount paid to the subrogated laborers and materialmen for the goods and services they provided. (Docket No. 440 at 45). However, the Court also ruled that Travelers may not obtain as part of its Article 1489 claim the $51,824.58 in costs and expenses incurred investigating, prosecuting, and obtaining the necessary releases to bring the subrogated Article 1489 claim because the claim is limited to the amount the owner (PRASA) may owe the laborers and materialmen when the action is brought. Id. at 45-46; see Goss, Inc. v. Dycrex Constr. & Co., S.E., 141 P.R. Dec. 342, 350, P.R. Offic. Trans. (P.R. 1996).

I. **Standard of Review**

Motions for reconsideration are generally considered under either FED. R. CIV. P. 59 or FED. R. CIV. P. 60, depending on the time in which such a motion is served. Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005) (citing Pérez-Pérez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993)). A motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. Villanueva-Méndez, 360 F. Supp. 2d at 322. Courts generally recognize three valid grounds for Rule 59(e) relief: "an intervening change in the controlling law, a clear legal error, or newly discovered evidence." Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2017).

II. **Legal Discussion**

Travelers moves the Court to reconsider the Opinion and Order because the conclusion that Travelers cannot collect the totality of its claim from the funds deposited with the Court is a manifest

Civil No. 18-1795 (GAG)

error of law. (Docket No. 445 at 2). Travelers argues that up to $51,824.58 of the remaining contract balance deposited with the Court belongs to Travelers because no other creditors have laid claim to the remaining contract balance. (Docket No. 445 at 4-5). After deducting the recovery of the other Article 1489 claimants that made a timely claim with PRASA, Travelers argues that it is the only party making a claim and that all other creditors have waived their recovery from the remaining contract balance. Id. Thus, Travelers is entitled to recovery as the only party asserting a claim. Id.

The Court disagrees. The $51,824.58 that Travelers requests cannot be paid from the remaining contract balance because Travelers' claim is limited to the amount that the owner (PRASA) may owe the laborers and materialmen when the action is brought. Id. at 45-46; see Goss, 141 P.R. Dec. at 350, P.R. Offic. Trans. ("Those who furnish their labor and materials in a work agreed upon for a lump sum by a contractor have no action against the owner, except for the amount the latter may owe the former *when the action is brought*.") (quoting P.R. LAWS ANN. tit. 31, § 4130); see also Fed. Ins. Co. v. Constructora Maza, Inc., 500 F. Supp. 246, 249 (D.P.R. 1979) (citing Am. Sur. Co. v. Superior Court, 97 P.R. 440, 444-45, 1969 WL 21610, at *2 (1969)) ("This direct nature of the action produces the important effect of deducting the amount claimed by the laborer or materialman from the claims of other creditors of the contractor, *since from the very moment the claim is made to the owner*, the latter becomes the debtor of the contractors, laborers and materialmen.") (emphasis added). The $51,824.58 in costs and expenses that Travelers incurred to bring its subrogated Article 1489 claim was not part of the amount that PRASA owed to the laborers and materialmen when Travelers filed its Article 1489 claim with PRASA on January 3, 2014. As such, Travelers' motion for reconsideration is **DENIED**.

Civil No. 18-1795 (GAG)

### III. Clerical Error

Furthermore, Travelers points out that the Court committed a clerical error on page 45 of the omnibus Opinion and Order. (Docket No. 445 at 5). The Opinion and Order states: "In consideration of paying the laborers and materialmen for the goods and services provided, *Aluma* obtained the right to subrogate these laborer and materialmen's Article 1489 claims against PRASA." (Docket Nos. 440 at 45) (emphasis added). The Court agrees. Instead, the sentence should state: "In consideration of paying the laborers and materialmen for the goods and services provided, *Travelers* obtained the right to subrogate these laborer and materialmen's Article 1489 claims against PRASA." As such, Travelers' motion is **NOTED** and the Court amends its omnibus Opinion and Order *nunc pro tunc* to reflect the same.

### IV. Request to Distribute the $175,199.70

In addition, Travelers requests that the Court order the Clerk to immediately distribute to Travelers the amount of $175,199.70. (Docket No. 445 at 6). Travelers reasons that once the Court "makes a determination regarding who should receive the funds on deposit, an order to the clerk to distribute those funds according to that determination is no more than a housekeeping measure, which the Court may initiate of its own volition." See NOAH J. GORDON, 44B AM. JUR. 2d Interpleader § 67 (Aug. 2021).

The Court disagrees. Travelers has not complied with the requirements of FED. R. CIV. P. 67 and Local Rule 67, D.P.R. L. CV. R. 67 (D.P.R. 2020). As such, Travelers' motion for disbursement of funds is **DENIED without prejudice.**

### V. Entry of Judgment

Finally, Travelers requests entry of judgment in relation to its motions for summary judgment and for judgment on the pleadings. (Docket No. 445 at 6). Travelers explains that there are no

**Civil No. 18-1795 (GAG)**

1  controversies involving itself before the Court besides the distribution of the adjudged monies.

2  (Docket No. 445 at 6). If such judgment is not entered, Travelers notes that it will have to participate

3  in the pretrial conference and the subsequent trial even though there is no relevant controversy

4  regarding Travelers. Id.

5  Under Rule 54(b), a district court may direct entry of judgment on fewer than all of the claims

6  in an action "only upon an express determination that there is no just reason for delay and upon an

7  express direction for the entry of judgment." FED. R. CIV. P. 54(b). "The U.S. Supreme Court has

8  described the function of the district court under Rule 54(b) as that of a 'dispatcher' with the

9  discretion to decide when each final decision in a multiple claims action is ready for appeal." Pahlavi

10  v. Palandjian, 744 F.2d 902, 904 (1st Cir. 1984).

11  Rule 54(b) permits entry of a final judgment as to fewer than all claims or parties upon an

12  express determination that there is "no just reason for delay" in entering judgment. Maldonado-

13  Denis v. Castillo-Rodriguez, 23 F.3d 576, 579 (1st Cir. 1994). The required jurisdictional analysis

14  is comprised of two steps. First, the underlying ruling "must itself be final in the sense that it disposes

15  completely either of all claims against a given defendant or of some discrete substantive claim or set

16  of claims against the defendants generally." Id. at 580. The second step, grounded in judicial

17  economy, "requires tracing the interrelationship between, on one hand, the legal and factual basis of

18  the claims undergirding the proposed judgment (i.e., the jettisoned claims), and on the other hand,

19  the legal and factual basis of the claims remaining in the case." Id. Correspondingly, when there is

20  "a significant imbrication between the jettisoned claims and the remaining claims[,] [d]istrict courts

21  should go very slowly in employing Rule 54(b) when . . . the factual underpinnings of the adjudicated

22  and unadjudicated claims are intertwined." Id.

23

24

**Civil No. 18-1795 (GAG)**

In the present case, the Court granted Travelers' motion for summary judgment awarding $175,199.70 as well as its motion for judgment on the pleadings dismissing Aluma's counterclaim. (Docket No. 440). In doing so, the Court issued an omnibus Opinion and Order explaining its determination and analysis. Id. at 29-52. Thus, the first prong of the Rule 54(b) test is met. The Court's grant of Travelers' motion for summary judgment resulted in the awarding of monies deposited with the Court and the Court's grant of Travelers' motion for judgment on the pleadings resulted in the dismissal of all of Aluma's claims against Travelers. As such, the Court's ruling is "final in the sense that it disposes completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally." Maldonado-Denis, 23 F.3d 576 at 580.

Now to the second part of the test—the interrelationship between the jettisoned and remaining claims. The First Circuit has emphasized the Court's "critical role as a Rule 54(b) dispatcher." Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996) (quotations omitted). Furthermore, the Court is to consider "the *strong judicial policy disfavoring piecemeal appellate review* . . . by carefully comparing the dismissed and the unadjudicated claims for indications of substantial overlap—to ensure that the appellate court is not confronted in successive appeals with common issues of law or fact to the detriment of judicial efficiency." Id. (quoting Kersey v. Dennison Mfg. Co., 3 F.3d 482, 487 (1st Cir. 1995)).

Given the nature of this action—complex construction litigation—there is significant correlation between the jettisoned and the surviving claims. Travelers' claims against Aluma and PRASA involve the same set of factual allegations and alleged tortious conduct. This tips the scale against the entry of partial judgment as to Travelers given the likelihood of piecemeal appellate review of this action, which goes against judicial economy, the essence of Rule 54(b).

**Civil No. 18-1795 (GAG)**

Consequently, the Court finds that Travelers' request does not satisfy Rule 54(b)'s requirements for entry of partial judgment. As such, Travelers' motion for entry of judgment is **DENIED.**

### VI. <u>Conclusion</u>

For the foregoing reasons, the Court **DENIES** Travelers' motion for reconsideration, **NOTES** its clerical error, **DENIES without prejudice** Travelers' motion for disbursement of funds, and **DENIES** Travelers' motion for entry of judgment.

**SO ORDERED.**

In San Juan, Puerto Rico this 1st of October 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge