UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| TRAVELERS CAS. & SUR. CO. OF A.M., ) <br> ) <br> Plaintiff/Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> ALBERTO VÁZQUEZ-COLON, et al. ) <br> ) <br> Defendants/Counterclaim Plaintiff. ) | No. 18-cv-1795-JAW |

**ORDER ON MOTION FOR RECONSIDERATION, MOTIONS IN LIMINE, AND REMAND TO PUERTO RICO COMMONWEALTH COURT**

The Court grants a surety's motion for reconsideration of an order and allows the surety to recover from monies deposited in the registry of the court not only the amounts the surety paid to laborers and materialmen but also costs and expenses the surety incurred, and the Court orders the surety to comply with the withdrawal requirements of the national and local versions of Federal Rule of Civil Procedure 67. The Court declines to grant for the moment the surety's request for a Federal Rule of Civil Procedure 54(b) judgment. Finally, with the resolution of the surety's case, the primary basis of federal jurisdiction is no longer present, and the Court orders the remaining parties to file memoranda as to whether the Court should retain pendent jurisdiction over the remaining claims.

**I.      RELEVANT BACKGROUND**

  **A.      Complaint**

In 2012, Travelers Casualty and Surety Company (Travelers) issued a General Agreement of Indemnity (GAI) in favor of Aluma Construction Company (Aluma) and

issued surety bonds, securing Aluma's performance and its fulfillment of three construction contracts in Puerto Rico. *Compl.* ¶¶ 18-21 (ECF No. 1) (*Compl.*). On February 14, 2019, Travelers filed an amended complaint. *Am. Compl.* (ECF No. 33). Travelers' surety bond was indemnified by corporate and individual indemnifiers. *Am. Compl.* ¶ 19. Travelers was required to pay on the surety bond and this lawsuit represented its attempt to collect from the indemnifiers its surety payment plus costs and expenses in the total amount of $315,154.08. *Id.* ¶¶ 27-30. Furthermore, Travelers asserted that it had paid claims from Aluma's subcontractors, workers, materialmen, and others in the Toa Baja Project in the total amount of $301,143.62 and that Travelers was, therefore, subrogated against the Puerto Rico Aqueducts and Sewer Authority (PRASA) in that amount. *Id.* ¶ 32.

B.  **Subsequent Developments**

Travelers' straightforward claims against the owner of the construction project and the indemnifiers soon devolved into a complicated dispute between PRASA and Aluma and the indemnifiers as to who was responsible for construction delays and cost overruns in the Toa Baja Project. *See Answer to the Am. Compl., Countercl. and Crosscl.* (ECF No. 36); *Am. Answer to the Am. Compl., Am. Countercl. and Crosscl.* (ECF No. 46); *Travelers Cas. and Sur. Co. of Am.'s Answer to the Am. Countercl.* (ECF No. 57); *Puerto Rico Aqueduct and Sewer Auth. Mot. to Dismiss Am. Crosscl.* (ECF No. 65); *Second Am. Answer to the Am. Compl., Second Am. Countercl., Second Am. Crosscl. and Third Party Compl.* (ECF No. 85); *Interpleader Countercl, Cross-Cl and*

*Third Party Compl.* (ECF No. 86). This led to extensive motion practice, legal argument, and delay.

### C. Omnibus Opinion and Order

On September 15, 2021, then United States District Court Judge Gustavo A. Gelpi issued an extensive, fifty-three-page omnibus opinion and order, resolving most of the issues in the case. *Omnibus Opinion & Order* (ECF No. 440) (*Omnibus Order*). In the order, Judge Gelpi denied PRASA's motion for summary judgment against Aluma, *id.* at 16, denied Aluma's motion for summary judgment against PRASA, *id.* at 29, granted in part and denied in part Travelers' motion for summary judgment against PRASA and the indemnitors, granted Travelers' motion for summary judgment against Aluma and dismissed Aluma's counterclaim, *id.* at 52, and dismissed as moot Travelers' alternative motion for summary judgment against Aluma. *Id.* at 52-53. For purposes of this Order, the Court focuses on the Omnibus Opinion & Order as it pertains to Travelers' motion for summary judgment for which partial relief was granted.

### D. Travelers' Motions for Reconsideration and Denial

On September 22, 2021, Travelers filed a motion for reconsideration of the omnibus order and requested that the Court issue a judgment in its favor and order the disbursement of funds. *Travelers Cas. and Sur. Co. of Am.'s Mot. for Recons. of Omnibus Opinion & Order, Req. Entry of J. and for Disbursement of Funds* (ECF No. 445) (*First Mot. for Recons.*). On October 1, 2021, Judge Gelpi denied Travelers' motion for reconsideration. *Mem. Order* (ECF No. 450) (*Denial First Mot. for*

3

*Recons.*). On October 27, 2021, Travelers filed a motion for reconsideration of the order on its motion for reconsideration.[1] *Travelers Cas. and Sur. Co. of Am.'s Mot. for Recons. of Mem. Order* (ECF No. 460) (*Second Mot. for Recons.*).

## II. THE ORDERS AND THE PENDING MOTION

### A. The Omnibus Opinion & Order

Judge Gelpi's September 15, 2021, omnibus order, rejected each of PRASA's defenses to Travelers' motion for summary judgment. *Omnibus Order* at 29-43. Addressing the merits of Travelers' claims, however, Judge Gelpi concluded that Travelers "has priority over the Governmental Claimants as the second-in-line Article 1489 claimant for $175,199.70 from the remaining contract balance." *Id.* at 45. Judge Gelpi rejected Travelers' claim for an additional $51,824.58 of incurred costs because "Article 1489 claims are limited to the amount the owner may owe the laborers and materialmen when the action is brought." *Id.* at 46. "As a result, Travelers may not obtain $51,824.58 from the remaining contract balance because Indemnitors owe Travelers for those costs under the GAI instead of PRASA under Article 1489." *Id.*

### B. The First Motion for Reconsideration

On September 22, 2021, Travelers filed its first motion for reconsideration. *First Mot. for Recons.* at 1-6. In its motion, Travelers asked Judge Gelpi not only to reconsider the part of his omnibus order that limited its claim to $175,199.70, but

---

[1] On November 3, 2021, before Judge Gelpi ruled on Travelers' second motion for reconsideration, he was appointed to the Court of Appeals for the First Circuit, and the case was reassigned to United States District Judge Jay Garcia-Gregory, *Mem. of Clerk* (ECF No. 462), and on June 28, 2022, to this Judge. *Order Reassigning Case* (ECF No. 471).

4

also to order the Clerk to distribute either the $175,199.70 or $227,143.90 ($175,199.70 + $51,944.20) from the funds PRASA had deposited with the Clerk of Court. *Id.* at 6.

### C. The Denial of the First Motion for Reconsideration

On October 1, 2021, Judge Gelpi issued a memorandum order, addressing Travelers' motion for reconsideration.[2] *Denial First Mot. for Recons.* at 1-7. Judge Gelpi disagreed with the part of the Travelers' claim that demanded the additional $51,944.20 because "Travelers' claim is limited to the amount that the owner (PRASA) may owe the laborers and materialmen when the action is brought." *Id.* at 3. Judge Gelpi also denied without prejudice Travelers' request that the Clerk disburse the $175,199.70 that Judge Gelpi determined Travelers was entitled to receive. *Id.* at 4. Judge Gelpi pointed out that Travelers had not yet complied with Federal Rule of Civil Procedure 67 or District of Puerto Rico Local Rule 67 and therefore, he denied Travelers' disbursement motion without prejudice. *Id.*

### D. The Second Motion for Reconsideration

On October 27, 2021, Travelers moved a second time for reconsideration of Judge Gelpi's omnibus order. *Second Mot. for Recons.* at 1-9. In this motion, Travelers argued that it maintained the right to collect its incurred costs from the amounts deposited with the Clerk. *Id.* at 2. Travelers disagreed with Judge Gelpi's conclusion that the deposited funds belong to PRASA, noting that once PRASA deposited the retainage with the Clerk, it relinquished any claim in the retainage and

---

[2] In his October 1, 2021 order, Judge Gelpi granted a motion to correct clerical error not at issue here. *Denial First Mot. for Recons.* at 4.

its Rule 67 deposit was "so this Honorable Court can determine and adjudicate the rights of the Claimants-Defendant […] in exchange for a full and complete release of any and all claims asserted against PRASA by Travelers in this civil action for the final retainage."  *Id.* (quoting *Interpleader Countercl., Cross-Cl. and Third Party Compl.* at 5) (ECF No. 86).  As the deposited retainage was an asset of Aluma, not PRASA, the retainage "belongs . . . to Aluma and its creditors."  *Id.*

Travelers noted that PRASA deposited $368,368.93 as retainage from the Aluma contract with the Clerk.  *Id.* at 5.  As Judge Gelpi determined that Travelers was owed $175,199.70, the amount remaining is $141,225.03.  *Id.*  Quoting *Federal Insurance Company v. Constructora Maza, Inc.*, 500 F. Supp. 246 (D.P.R. 1979), Travelers argued that unpaid Article 1489 claims are deducted "from the claims of other creditors of the contractor."  *Second Mot. for Recons.* at 5 (quoting *Federal*, 500 F. Supp. at 249).  Travelers asserted that it is an Aluma creditor for the $51,824.58 that it is owed from Aluma.  *Id.*  Travelers pointed out that deducting the full amount of its claims from the deposited amount still leaves $89,280.83 available for other Aluma creditors.  *Id.*

Finally, Travelers urges the Court to certify the case under Federal Rule of Civil Procedure 54(b) so that the judgment will have the requisite aspects of finality and Travelers argues that the case otherwise meets the standards for Rule 54(b) certification to avoid piecemeal review.  *Id.* at 6-9.

### III.  DISCUSSION

#### A.  Travelers' Claims Against the Deposited Funds

> Article 4189 of the Puerto Rico Civil Code provides:
>
> Those who furnish their labor and materials in a work agreed upon for a lump sum by a contractor have no action against the owner, except for the amount the latter may owe the former when the action is brought.

P.R. LAWS ANN. tit. 31, § 4130.

The Court accepts Judge Gelpi's ruling that this provision controls labor and material claims made against the owner, but it also accepts Travelers' argument that this provision does not apply to retained funds the owner deposited without any claim of interest with the Clerk pursuant to Federal Rule of Civil Procedure 67. It is possible under Rule 67 that a party may deposit a sum of money with the Clerk and retain a claim against it. *See* FED. R. CIV. P. 67, advisory committee note (1983 am.) ("[T]here are situations in which a litigant may wish to be relieved of responsibility for a sum or thing, but continue to claim an interest in all or part of it"). But this is not the case here.

Here, PRASA made it plain when it deposited the retainage with the Clerk's Office that it was not making a claim against the retainage and instead was depositing the money to make it available to competing claimants once the Court determined the correct allocation of the retainage. *See Interpleader Countercl., Cross-Cl. and Third Party Compl.* (ECF No. 86); *Mot. for Judicial Deposit* (ECF No. 87); *Id.*, Attach. 1, *Proposed Order Auth. the Deposit of Fund into the Registry of the Ct.* Consistent with this interpretation, in 1983, the Supreme Court of Puerto Rico pointed out that Article 4189 "protects the owner of the work [], but not the contractor [] and much less the surety." *D'Ali Concrete Mix v. Raul Fortune*, 114 D.P.R. 740

7

(P.R. 1983). Rule 67 allows "a settling defendant to withdraw from litigation while competing claimants continue to squabble over their entitlement to the settlement proceeds." *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 114 (1st Cir. 2007).

In the Court's view, absent a claim by PRASA for some or all the deposited amount, the corpus deposited in the Court is correctly viewed as money once retained by PRASA, the owner, and due Aluma, the general contractor, subject to the claims of Aluma's creditors. The Court draws support for this view from *Federal Insurance*, the 1979 decision of this district. 500 F. Supp. 246. Under *Federal Insurance*, Travelers as surety, having paid the laborers and materialmen, "is subrogated in all the rights which the creditor had against the debtor." *Id.* at 250. Thus, as Judge Gelpi ruled, Travelers had the legal right to claim payment of the $175,199.70 that it paid to the laborers and materialmen pursuant to its surety bond. *See* Article 1166 C.C.P.R., P.R. LAWS ANN. tit. 31, § 3250 ("Subrogation transfers to the subrogated the credits with the corresponding rights, either against the debtor or against third persons, be they sureties or holders of mortgages").

Similarly, the *Federal Insurance* Court described the four perspectives a surety enjoys in making claims: 1) as laborers and materialmen, 2) as the contractor, 3) as the owner, and 4) in its own right. *Id.* ("Aside from these cases and this approach there is also enough support for concluding that the surety, in his own right, is entitled to said funds"). Here, in the Omnibus Opinion and Order, Judge Gelpi concluded that "Travelers may obtain the $51,824.58 from Indemnitors because

8

under the GAI, Indemnitors agreed to exonerate, indemnify and save Travelers' harmless from and against all losses and expenses of any kind or nature." *Omnibus Order* at 46. With this finding, Travelers stands in a preferred position in its claims against the retained funds, because Aluma is one of the indemnitors, including the costs and expenses Aluma promised to reimburse to Travelers under the GAI.

Based on the record, the Court concludes that Travelers has demonstrated its entitlement to a total of $227,024.28 ($175,199.70 + $51,824.58) from the $368,368.93 retainage that PRASA held for the benefit of Aluma and deposited in the Clerk's Officer pursuant to Federal Rule of Civil Procedure 67.

### B.   Compliance with Rule 67

In his October 1, 2021 order, Judge Gelpi mentioned that Travelers had not complied with Rule 67 or its local rule counterpart. *First Denial of Mot. to Recons.* at 4. Federal Rule of Civil Procedure 67(b) provides:

> Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute.

Local Rule 67(c) provides:

> No disbursements will be made from funds in the court registry . . ., except by order of the court. The motion for withdrawal of funds must include the full name of the payee and a statement reflecting that the total amount of the payment to be issued is the balance on the investment on the date of the withdrawal, less the registry fee to be assessed by the clerk.

D.P.R. LOC. R. 67(c). 28 U.S.C. § 2042 stipulates that no money deposited shall be withdrawn except by order of the court.

The Court recognizes that Travelers has not been able to comply fully with the withdrawal requirements of Local Rule 67(c) until the amount of its authorized withdrawal has been established. With this order, the Court ORDERS Travelers to file a motion within seven days of the date of this Order, complying fully with the withdrawal requirements of Federal Rule of Civil Procedure 67 and Local Rule 67.

### C.     Rule 54(b) Certification

In its motion, Travelers urges the Court to certify its order under Federal Rule of Civil Procedure 54(b) and to order that judgment shall enter on Travelers' summary judgment and judgment on the pleadings. *Second Mot. for Recons.* at 6-9. Rule 54(b) allows a court to "direct the entry of final judgment as to one or more, but fewer than all, claims or parties" but "only if the court expressly determines that there is not just reason for delay." FED. R. CIV. P. 54(b).

To order the entry of a final judgment under Rule 54(b), a court must first "consider whether the entire case as a whole and the particular disposition that has been made and for which the entry of a judgment is sought fall within the scope of the rule." 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2655 (2014 ed.). The "general requirements are that the case include either multiple claims, multiple parties, or both and that either one or more but fewer than all the claims have been finally decided or that all the rights and liabilities of at least one party have been adjudicated." *Id.* Second, a court must "expressly find that there is no just reason to delay an appeal." *Id.*

10

The First Circuit further illuminated the requirements for a Rule 54(b) certification. To certify a judgment pursuant to Rule 54(b), a district court must find (1) that the ruling is final and (2) that there is no just reason for delay. *Nystedt v. Nigro*, 700 F.3d 25, 29-30 (1st Cir. 2012). Finality "requires that a judgment 'dispose of all the rights and liabilities of at least one *party* as to at least one *claim*.'" *Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 24 (1st Cir. 2008) (quoting *State Street Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1489 (1st Cir. 1996) (emphasis in *Lee-Barnes*); *see also Maldonado-Denis v. Castillo-Rodgriguez*, 23 F.3d 576, 580 (1st Cir. 1994) ("[T]he ruling underlying the proposed judgment must itself be final in the sense that it disposes complexly either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally") (citing *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988)).

After the court determines finality, it turns to whether there is no just reason for delay by assessing "(1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." *Credit Francais Int'l S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996) (citing *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 287 (1st Cir. 1993)). Finally, if a district court certifies a judgment pursuant to Rule 54(b), "it should not only make that explicit determination but should also make specific findings and set forth its reasoning."

*Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir. 2003) (citing *Spiegel*, 843 F.2d at 42-23).

The Court agrees with Travelers on all its points, bar one. A judgment in favor of Travelers would be final as to Travelers' interest in this case and meets the requirement that the judgment dispose of all the rights and liabilities of at least one party as to at least one claim. The Court also agrees that, once Travelers has been paid from the deposited funds, there will be no apparent interrelationship between this claim and the remaining claims.

The Court's hesitancy is that in its view, the delay in resolving this Court's involvement in the remaining claims is likely to be minimal, and therefore to avoid piecemeal appeals, the Court will defer ruling on the Rule 54(b) relief Travelers requests. As the Court notes below, now that its diversity-based jurisdiction has been eliminated, the Court is ordering the remaining parties to file memoranda as to why this Court should retain jurisdiction over the claims and counterclaims among PRASA, Aluma, the subcontractors, and other defendants and not remand those matters to state court. It anticipates resolving the jurisdictional issue in the relatively near future. If the Court retains jurisdiction, Travelers may elect to file a renewed motion for Rule 54(b) certification. If the Court remands the remainder of the case, a final judgment will issue at that time. If the Court's disposition of the jurisdictional issue is itself unduly delayed, Travelers may wish to refile its Rule 54(b) motion.

### D. Remaining Claims

When Travelers filed its original complaint against Aluma Construction Company and the indemnitors, this Court's jurisdiction to hear the case fell within its diversity-based jurisdiction since Travelers is organized under the laws of the state of Connecticut with a principal place of business in Hartford, Connecticut and each defendant was a resident of the commonwealth of Puerto Rico. *Compl.* ¶¶ 3-15. Subsequently, a series of disputes erupted among the Defendants themselves as to whether the construction contract between Aluma and PRASA was violated by either Aluma or PRASA, whether PRASA had been sufficiently forthcoming concerning the conditions of the building site, the reason for and costs of construction delays, the impact of change orders, and similar issues. *See Jt. Proposed Pre-trial Mem. and Schedule* (ECF No. 465). In addition, Aluma third-partied CH Caribe, an engineering firm, but not Entech, the project designer, but included Chubb Insurance Company, potential insurer of both CH Caribe and Entech. The parties estimate that the trial of the case will take over one month. *Id.* at 155-56.

With the resolution of the Travelers' claims, the Court no longer has diversity-based jurisdiction over the lawsuit. "If the jurisdictionally sufficient federal claims are dismissed before trial commences, . . . the district court ordinarily should remand the supplemental claims to the state court or order those claims dismissed without prejudice, although it has the discretion to retain and adjudicate them." 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, JOAN E. STEINMAN, AND MARY KAY KANE, FED. PRACTICE & PROCEDURE § 3739.1 (2018 ed.). In *Carnegie-*

*Mellon University v. Cohill*, 484 U.S. 343 (1988), the United States Supreme Court emphasized that pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id.* at 350 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). In evaluating whether to retain jurisdiction over a pendent claim, a federal court "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Id.*

The Court indicated to the parties that if the Travelers' claim were resolved, it would be inclined not to retain the state law claims in federal court, particularly as the remaining claims are purely matters of state law better resolved by a state court. However, before making a final ruling on this question, the Court informed counsel for the remaining parties that it would allow them to brief the question. Accordingly, the Court ORDERS counsel for the remaining parties to file memoranda setting forth their positions on whether the Court should retain jurisdiction over the remaining claims within three weeks of the date of this order. As each party (except Travelers) will comply with this order, the Court will not accept any further briefing and will consider the issue ready for decision upon these filings. In addition to addressing whether the Court should retain jurisdiction, the Court ORDERS counsel for the remaining defendants to address whether, if the Court decides not to retain jurisdiction, the Court should remand the case to the commonwealth of Puerto Rico courts and, if so, which court, and whether the Court should dismiss the state claims

without prejudice and allow the parties to reinitiate them in the state court of their choosing.

### E. Other Pending Motions

There are currently pending before this Court several motions. As this Court may not retain jurisdiction over the remaining claims, the Court is dismissing without prejudice each of the pending motions. If the Court decides not to retain jurisdiction and to remand to state court, the state court should be the court resolving controversies in the case that will be pending there. If the Court retains jurisdiction, the Court will allow the parties to refile the dismissed motions.

The Court DISMISSES without prejudice the following motions:

1) PRASA's Motion for Partial Reconsideration of ECF #440 (Regarding Denial of ECF #354 Re: Claims Waived by Aluma) (ECF No. 452);

2) PRASA's Motion Requesting Hearing (ECF No. 453); and

3) PRASA's Motion for Reconsideration of Court's Opinion and Order at ECF No. 440 Denying PRASA's Dispositive Motion on the Basis of Forum Selection Clause (ECF No. 454).

The Court GRANTS the Motion Resigning Legal Representation (ECF No. 468).

The Court DISMISSES without prejudice Travelers' Motion for Disbursement of Funds (ECF No. 469) because this motion will be subsumed by the motion the Court has ordered Travelers to file to comply with the withdrawal requirements of Federal Rule of Civil Procedure 67 and Local Rule 67.

## IV. CONCLUSION

The Court GRANTS Travelers Casualty and Surety Company of America's Motion for Reconsideration of Memorandum Order (ECF No. 460) and ORDERS Travelers Casualty and Surety Company of America to file a withdrawal motion in conformance with Federal Rule of Civil Procedure 67 and Local Rule 67 of the United States District Court for the District of Puerto Rico within seven days of the date of this order. The Court ORDERS the remaining parties to file memoranda within three weeks of the date of this order addressing whether the Court should retain jurisdiction over the remaining claims, and if jurisdiction is not maintained, whether the case should be dismissed or remanded, and if remanded, which state court should receive the case.

SO ORDERED.

    /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of September, 2022