UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,

Plaintiff/Counterclaim Defendant,

v.

ALBERTO VÁZQUEZ-COLON, et al.,

Defendants/Counterclaim Plaintiff.

No. 3:18-cv-01795-JAW

**ORDER ON MOTION FOR RECONSIDERATION OF STATUS ORDER**

Concluding the plaintiff has not established the court's original order contained a manifest error of law, the court dismisses the plaintiff's motion for reconsideration of a portion of a recent status order determining that the issue of attorney's and professional fees are questions properly submitted to a jury at the upcoming trial.

## I. BACKGROUND[1]

On August 5, 2024, the Court issued an order to clarify the status of this case, addressing a proposed omnibus order submitted by the parties which still "presented fundamental disagreements among the parties about further proceedings." *Status Order* at 1 (ECF No. 590); *see also Travelers' Mot. in Compliance with Order*, Attach. 1, *Proposed Omnibus Order* (ECF No. 586). The status order reasserted the Court's previous holding that the Plaintiff, Travelers Casualty & Surety Company of America

[1] As this case has a lengthy procedural history totaling over 600 docket entries, the Court assumes the parties' familiarity with the underlying facts and limits its Background discussion to the recent events relevant to the present motion for reconsideration.

(Travelers), is entitled to recover the attorney's and other professional fees incurred in "prosecuting or defending an[] action in connection with a[] Bond." *Status Order* at 4-5 (quoting *Order on Mot. for Disbursement of Funds* at 23 (ECF No. 509) (in turn quoting *Pl.'s Mot. for Summ. J.*, Attach. 3, *Gen. Agreement of Indem.* at 1 (ECF No. 244)).

Responding to Travelers' claim in the proposed omnibus order that it can move for an award of attorney's and professional fees pursuant to Federal Rule of Civil Procedure 54 (Rule 54) after the Court enters a final judgment, *Status Order* at 2 (citing *Proposed Omnibus Order* at 3), the Court said "Rule 54(d)(2) provides that attorney's fees may be assessed after judgment by motion 'unless the substantive law requires those fees to be proved at trial as an element of damages.'" *Id.* at 5 (quoting FED. R. CIV. P. 54(d)(2)). The Court further observed that "Travelers has provided no authority that under the law of Puerto Rico a court could make factual findings on the amount of attorney's fees after the entry of judgment," and concluded, "the Court assumes, unless convinced otherwise, that the parties have a right to a jury trial to resolve the amount of the attorney's fees and professional fees to which Travelers is entitled." *Id.*

On August 30, 2024, Travelers moved the Court to reconsider the portion of its status order determining that the issue of attorney's and professional fees may properly be submitted to a jury. *Travelers' Mot. for Recons. of Status Order* at 1 (ECF No. 603) (*Pl.'s Mot. for Recons.*). The Defendants did not file a response.

## II. TRAVELERS' MOTION FOR RECONSIDERATION

Travelers moves the Court to reconsider its holding that "it appears the parties are entitled to a jury trial on the resolution of the amount of attorney's fees and professional fees," *Pl.'s Mot. for Recons.* at 1 (quoting *Status Order* at 5), averring "it is contrary to the law and to the General Agreement of Immunity (GAI)." *Id.*

The Plaintiff posits that Rule 54 of the Local Rules for the United States District Court for the District of Puerto Rico (Local Rule 54) establishes the timing for requesting attorney's fees and costs and states a bill of costs must be submitted "[w]ithin fourteen (14) days ***after the entry of judgment***." *Id.* at 2 (quoting LOC. R. CIV. P. 54(a)) (emphasis added by Plaintiff). From this language, Travelers deduces:

> The timing established in [Local] Rule 54 demonstrates that a request for the taxation of attorneys' fees and costs takes place weeks, sometimes months, after a jury has been dismissed. The reason for this timing is that the amount taxed for attorney's fees and costs should be determined by a Judge and not a jury.

*Id.* The Plaintiff further avers that this procedure makes sense "because the amount that is considered a reasonable hourly rate in the jurisdiction and the amount of time invested that is considered reasonable time is beyond the ken of the average juror," and cites the District of Puerto Rico's recent decision in *Ocasio v. Comisión Estatal de Elecciones* for the proposition that "[a] jury does not have the necessary knowledge to take into consideration circumstances like 'counsels' years of experience; the quality of the briefings; the prevailing market rate; and the degree of success of their claims." *Id.* (quoting *Ocasio v. Comisión Estatal de Elecciones*, CIVIL NO. 20-1432

(PAD), 2023 U.S. Dist. LEXIS 229742, at *6-7 (D.P.R. Dec. 26, 2023) (citation amended)).

Travelers then reasserts its arguments that the provisions of the GAI control the extent of Indemnitors' liability for indemnification and reimbursement of expenses incurred by Travelers and argues the affidavit of T. Snyder attached to their motion for summary judgment is "all that is required to establish liability under the terms" of the GAI. *Id.* at 3-4.[2] If there is any controversy as to the amount of fees, Travelers says, "it should be addressed by a court, not a jury, within the time periods established in [Local Rule] 54, not during a trial." *Id.* at 4 (citing *Miller v. Tyler Louthan*, Civ. No. 22-01538 (MAJ), 2024 U.S. Dist. LEXIS 55323, at *29 (D.P.R. 2024) ("[e]ntry of judgment has not been entered, as the action is ongoing. Accordingly, . . . Defendants' request for attorney's fees is DENIED WITHOUT PREJUDICE")) (citation amended) (emphasis adjusted).

**III. LEGAL STANDARD**

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *Salmon v. Lang*, 57 F.4th 296, 323 (1st Cir. 2022); *see also Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) ("Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously

---

[2] The Plaintiff says, "Mr. Snyder's affidavit and Mr. Devlieger's declarations are, in effect, all that is required to establish liability under the terms of [Indemnitors]' own indemnity agreement." *Pl.'s Mot. for Recons.* at 4. They attribute this quote to *Plaza Athénée, S.E. v. U.S. Fidelity & Guaranty Co.*, Civil No. 01-2597 (PF/JAF), 2009 WL 10680826, at *12 (D.P.R. June 22, 2009). However, this quote, unsurprisingly as it discusses facts and individuals specific to this case, does not appear within that decision. The Court is thus unsure where this quoted language comes from and assumes Plaintiffs included quotation marks around the above language in a typographical error.

advanced and rejected"). "To prevail on such a motion, 'a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact.'" *Caribbean Mgmt. Grp., Inc. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014)).

## IV. DISCUSSION

The Plaintiff's argument in support of reconsideration asserts that the Court's recent status order, insofar as it determined that the question of attorney's and professional fees could be decided by a jury, "was premised on a manifest error of law."[3] *Caribbean Mgmt. Grp., Inc.*, 966 F.3d at 44-45.

In the recent status order, the Court responded to Travelers' arguments that the Court can determine attorney's fees under Federal Rule of Civil Procedure 54(d). *Status Order* at 5. The Court noted, first, that "although Travelers insists that the Court can assess attorney's fees under Federal Rule of Civil Procedure 54(d), Rule 54(d)(2) provides that attorney's fees may be assessed after judgment by motion 'unless the substantive law requires those fees to be proved at trial as an element of damages.'" *Id.* (quoting FED. R. CIV. P. 54(d)(2)). Second, the status order observed, "to the extent Travelers is seeking professional and other fees, Rule 54(d)(2) does not include fees other than attorney's fees." *Id.* The Court concluded that it "assumes,

[3] The Plaintiff's motion for reconsideration also restates their arguments that "the costs incurred have already been established." *Pl.'s Mot. for Recons.* at 3-5. As the Court addressed this issue before, *Status Order* at 4-5, and the Plaintiff does not ask the Court to reconsider its status order on this point, this order focuses exclusively on whether the Court should grant the Plaintiff's motion to reconsider its conclusion in the status order that the issue of attorney's and professional fees may be decided by a jury.

unless convinced otherwise, that the parties have a right to jury trial to resolve the amount of the attorney's and professional fees to which Travelers is entitled." *Id.*

In its motion for reconsideration, the Plaintiff directs the Court to Local Rule 54 which, like its federal counterpart, does not discuss professional fees but, unlike its federal counterpart, does not discuss who should decide whether to assess attorney's fees when "the substantive law requires those fees to be proved at trial as an element of damages." *Compare* FED. R. CIV. P. 54(d)(2) *with* LOC. R. CIV. P. 54. Pursuant to Federal Rule of Civil Procedure 83, "[a] local rule must be consistent with—but not duplicate—federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075." FED. R. CIV. P. 83(a)(1). The Court thus assumes that Local Rule of Civil Procedure 54 was written to be consistent with Federal Rule of Civil Procedure 54, including the latter's exception for when attorney's fees are an element of damages which substantive law requires to be proven at trial. FED. R. CIV. P. 54(d)(2). *See Colgrove v. Battin*, 413 U.S. 149, 161 n.18 (1973) (stating that a court's local rule enacted pursuant to 28 U.S.C. § 2071 is invalid if it conflicts with an Act of Congress or a Federal Rule); *Miner v. Atlass*, 363 U.S. 641, 655-56 (1960) (same). The Plaintiff and Defendant agree that Travelers' right to attorney's and professional fees is the only remaining issue in this case insofar as the Travelers' claims are concerned.[4] *Status Order* at 1-2.

4 PRASA and Chubb Insurance say that the "main issue" is the request to have "Aluma's crossclaim dismissed without prejudice due to lack of jurisdiction." *Status Order* at 3 (quoting *Proposed Omnibus Order* at 6).

The Advisory Committee Notes on the 1993 amendments to Rule 54 support the Court's interpretation that the attorney's fees in this case may be properly presented to a jury. The Advisory Committee wrote, "[a]s noted in subparagraph (A), it does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury." FED. R. CIV. P. 54 Advisory Comm. Notes on 1993 Amends. Throughout its motion for reconsideration, Travelers repeats that the provisions of the GAI control the extent of the liability and reimbursement of expenses incurred and moves the Court to grant attorney's fees based on the terms of the GAI. Pursuant to the Advisory Committee Notes, Travelers' request for relief based on the terms of a contract appears to fall squarely within the scope of a question a jury may consider. *See Casco, Inc. v. John Deere Constr. & Forestry Co.*, 596 F. Supp. 3d 359, 384 (D.P.R. 2022) ("In view of the fact that John Deere's fees and expenses to prosecute the counterclaim are sought under the terms of a contract, they are an element of damages to be proven at trial"); *House of Flavors, Inc. v. TFG-Michigan, L.P.*, 700 F.3d 33, 37 (1st Cir. 2012) (noting distinction between ordinary requests for fees that must be made by motion within fourteen days of judgment, and those that are "to be proved at trial," and recognizing that the latter includes fees "sought under the terms of a contract") (quoting FED. R. CIV. P. 54(d)(2); Advisory Committee Notes on 1993 Amendment).

Regarding professional fees, the Court again concludes, as it did in its status order, that the Plaintiff has not directed the Court to a procedural rule or other

authority establishing that professional fees must be decided by a judge after trial rather than a jury at the close of a trial. *Status Order* at 5. In short, the Plaintiff has not given the Court reason to conclude its "original judgment was premised on a manifest error of law" as would necessitate revision upon reconsideration. *See Caribbean Mgmt. Grp., Inc.* at 44-45.

The caselaw Travelers cites in support does not sway the Court's determination. The Plaintiff cites *Ocasio v. Comisión Estatal de Elecciones* for the proposition that an award of attorney's fees should be withheld from a jury because a judge can "tak[e] into consideration counsels' years of experience; the quality of the briefings; the prevailing market rate; and the degree of success of their claims." *Pl.'s Mot. for Recons.* at 2 (quoting *Ocasio*, 2023 U.S. Dist. LEXIS 229742, at *6-7). This is an inapposite citation. Plaintiff quotes a bench order from a case involving neither a jury nor a trial. *See, generally, Ocasio*, 2023 U.S. Dist. LEXIS 229742.

Moreover, the *Ocasio* Court addressed an award of fees under 42 U.S.C. § 1988, which provides in pertinent part:

> **(b) Attorney's fees.** In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title. . ., <u>the court</u>, in its discretion, <u>may allow the prevailing party</u>, other than the United States, <u>a reasonable attorney's fee as part of the costs</u> . . ..

42 U.S.C. § 1988(b) (formatting amended) (emphasis added); *Ocasio*, 2023 U.S. Dist. LEXIS 229742, at *4. Section 1988(b) clearly allows a court, as opposed to a jury, to impose attorney's fees as a part of the costs.

Here, Travelers is claiming the right to attorney's fees under the terms of the GAI, which provides:

> **Loss** – All loss and expense of any kind or nature, including attorneys' and other professional fees, which Company incurs in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of Company's: (a) making any investigation in connection with any Bond; (b) prosecuting or defending any action in connect[ion] with any Bond; (c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation otherwise any of the provisions of this Agreement; and (f) all interest accruing thereon at the maximum legal rate.

*See Order on Mot. for Disbursement of Funds* at 23 (ECF No. 509) (quoting *Pl.'s Mot. for Summ. J.*, Attach. 3, *Gen. Agreement of Indem.* at 1 (ECF No. 244) (emphasis added)). The GAI contains no language similar to the language § 1988 empowering the "court" to assess attorney's fees "as part of the costs." *Compare* 42 U.S.C. § 1988(b) *with Gen. Agreement of Indem.* at 1. Instead, the GAI treats "attorney's and other professional fees" as part of the losses or expenses "of any kind or nature." *Gen. Agreement of Indem.* at 1. Absent language authorizing it to do so, the Court is unconvinced based on the language of the GAI that the Court has the right to usurp the factfinding role of the jury in a federal case and make findings on disputed factual issues, such as the reasonableness and relatedness of attorney's fees claimed under the GAI.

Similarly, the Plaintiff cites *Plaza Athénée, S.E. v. United States Fidelity & Guaranty Co.* for the proposition that, "in this District [of Puerto Rico], costs and attorney's fees are resolved by the court, usually after an *in camera* review of the surety's supporting documentation." *Mot. to Recons.* at 2-3 (quoting *Plaza Athénée, S.E.*, 2009 WL 10680826, at *11 ("Having conducted an *in camera* review of [surety]'s itemized billing statements, we find the fees and costs claimed therein to be

reasonable")). However, the order Plaintiff cites resolves a motion for summary judgment; as the District of Puerto Rico granted summary judgment, the case did not proceed to trial and the order thus does not stand for the proposition that the question of attorney's fees is reserved for a judge. *See Plaza Athénée, S.E.*, 2009 WL 10680826, at *1, *order am. on other grounds*, *Plaza Athénée, S.E. v. U.S. Fidelity & Guaranty Co.*, Civil No. 01-2597 (PF/JAF), 2009 WL 2244484 (D.P.R. July 24, 2009).

Instead, the *Plaza Athénée* Court analyzed the attorney's fee demand pursuant to the motion for summary judgment process and asked "whether a genuine issue of material fact remains in dispute regarding the extent of [the defendant's] liability to [the plaintiff] under the [agreement]." *Plaza Athénée, S.E.*, 2009 WL 10680826, at *6. The district judge analyzed the submissions, the applicable law, and the terms of the parties' agreement and concluded that the bond company's documentation constituted prima facie evidence, and then that the burden shifted to the defendant to "rebut the prima-facie showing and create a genuine issue of material fact sufficient to warrant trial." *Id.* at *7 (citing cases). The district court decided that the bonding company had demonstrated a prima facie case for its attorney's fee claims and the defendant failed to raise a genuine issue of material fact in response, thereby entitling the bonding company to a judgment for attorney's fees.[5] *Id.* at *9-11. Here, the Court is not addressing a motion for summary judgment to determine whether there are genuine issues of material fact concerning Travelers' claimed attorney's

5 The Court excepted a slice of attorney's fees for which there had been no discovery and gave the defendant an opportunity to review those fees and submit objections. *Plaza Athénée, S.E.*, 2009 WL 10680826, at *11.

fees. Instead, the Court is faced with a factual dispute between the parties concerning attorney's fees and therefore there are factual issues "sufficient to warrant trial." *See id.* at *7.

The Court concludes its determination in the recent status order that "the parties have a right to a jury trial to resolve the amount of the attorney's and professional fees to which Travelers is entitled," *Status Order* at 5, does not constitute a manifest error of law. To assuage the parties' concerns, the Court again notes that this holding concerns only the amount of fees; as stated in the status order, "[o]nce the amount of the attorney's and professional fees is determined, the Court is less certain about whether the priority of a fee award is properly a factual issue. It strikes the Court as more legal than factual, although to resolve the issue may require either a stipulated record or the presentation of evidence."[6] *Id.*

## V. CONCLUSION

The Court DISMISSES without prejudice Travelers' Motion for Reconsideration of Status Order (ECF No. 603).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2024

[6] The parties estimate that the dispute between the parties other than Travelers will take twenty-five to thirty days to resolve. *See Jt. Mot. in Compliance with Order* at 3 (ECF No. 599). It is the Court's perception that the attorney's fee dispute will take but a sliver of this time. When the matter is set for a Final Pretrial Conference in February 2025, the Court will explore whether there is a means by which the Travelers' portion of this trial can be presented without requiring the presence of Travelers, including its counsel, throughout such a long jury trial.