UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| v. | ) )   No. 3:18-cv-01795-JAW |
| ALBERTO VÁZQUEZ-COLON, et al., | ) ) ) |
| Defendants/Counterclaim Plaintiffs. | ) |

**ORDER ON CHUBB'S MOTION TO BIFURCATE DIRECT ACTION CLAIM AGAINST CHUBB, AND TO BAR ANY REFERENCE TO CHUBB**

On the eve of trial, an insurer files a motion in limine requesting the court bifurcate the upcoming trial on the ground that a consolidated trial poses a risk of prejudice to the insured defendant. Concluding the insurer's concerns of prejudice pursuant to Federal Rule of Evidence 411 are better resolved through a limiting instruction, particularly with trial looming, the court dismisses the motion to bifurcate.

**I. BACKGROUND**

On March 7, 2025, Chubb Insurance Company of Puerto Rico (Chubb) filed a motion to bifurcate Aluma Construction Corporation's (Aluma) direct-action claim against Chubb from Aluma's claim against Puerto Rico Aqueduct and Sewer Authority (PRASA) at trial set to commence on April 2, 2025. *Mot. to Bifurcate Direct Action Claim Against Chubb, and to Bar Any Reference to Chubb* (ECF No. 639) (*Chubb's Mot.*). Chubb further requests that Aluma's claim against Chubb be "heard

separately at either a bench trial (or if the court believes there is any particular fact that should be decided by the jury, that the same jury decide the fact the day after its verdict against PRASA, if there is one), and that the parties be barred from mentioning Chubb during Aluma's case against PRASA." *Id.* at 5. On March 14, 2025, Aluma filed its response. *Partial Agreement and Gen. Opp'n to Chubb's Mot. to Bifurcate, Etc., Doc. No. 639* (ECF No. 650) (*Aluma's Resp.*).

## II.   OVERVIEW

In 2012, Travelers Casualty & Surety Company of America (Travelers) issued a General Agreement of Indemnity in favor of Aluma and issued surety bonds, securing Aluma's performance and its fulfillment of three construction contracts in Puerto Rico. Travelers was required to pay on the surety bond, indemnified by corporate and individual indemnifiers, and this lawsuit is its attempt to collect from the indemnifiers its surety payment plus costs and expenses. Furthermore, Travelers asserted that it had paid claims from Aluma's subcontractors, workers, materialmen, and others and that Travelers was, therefore, subrogated against PRASA for that amount. Travelers' relatively straightforward claims against the owner of the construction project and the indemnifiers subsequently devolved into a complicated dispute among PRASA, Aluma, and the indemnifiers as to who was responsible for construction delays and cost.

Aluma and the other Defendants/Crossclaimants[1] seek damages for contractual torts, alleging they were induced into a construction contract that was

---

1     At the final pretrial conference, the Court asked about the status of several of the parties, who are listed as active parties on the docket but are not represented by counsel. The docket currently lists

negligently designed and managed by PRASA. In the alternative, Aluma seeks damages pursuant to the terms of the contract for unpaid costs and/or damages caused by the numerous change orders and different site conditions in the project site. Chubb, the third-party defendant, is an insurer of PRASA. The only pending matter as far as Travelers is concerned is the imposition of attorney's fees and costs, and interest on the debt.

## III. THE PARTIES' POSITIONS

### A. Chubb's Motion to Bifurcate

Chubb requests the Court order that "Aluma's direct-action claim against Chubb be bifurcated from Aluma's claim against PRASA and heard separately at either a bench trial (or if the court believes there is any particular fact that should be decided by the jury, that the same jury decide the fact the day after its verdict against PRASA, if there is one), and that the parties be barred from mentioning Chubb during Aluma's case against PRASA." *Chubb's Mot.* at 5. Chubb reminds the Court that it previously raised the option of bifurcating Travelers' claim against PRASA from Aluma's claim against PRASA at the final pre-trial conference held on February 21, 2025, opining this indicates "the Court is already aware that there are instances in this case w[h]ere bifurcation is appropriate and convenient." *Id.* ¶ 1.

---

as Defendants/Crossclaimants: Alberto Vazquez-Colon, Hilda Pineiro-Caceres, Carlos Gonzalez-Torres, Ivette Gomez-Diaz, Miguel Bermudez-Carmona, Aluma Construction Corporation, Vieques Concrete Mix Corporation, Inter-Island Ferry System Corporation, Vieques F.O.&G. Inc., PRASA, Conjugal Partnership Vazquez-Pineiro, Conjugal Partnership Gonzalez-Gomez. After some discussion, the parties suggested that some of the individuals and entities should no longer be parties to the case. The Court instructed the parties to file an update as to the status of all the parties, except for those represented at the final pretrial conference, by February 26, 2025. By the date of this order's docketing, the parties have not filed such an informative motion.

Turning to the legal authority, Chubb argues that it faces a direct action from Aluma and, "[a]s Puerto Rico's direct action provides, when faced with a direct action, '[t]he liability of the insurer shall not exceed that provided for in the policy, and **[a]ny action brought under this section must be subject to the conditions of the policy or contract and to the defenses that may be pleaded by the insurer to the direct action instituted by the insured**." *Id.* ¶ 2 (quoting P.R. Laws ann., tit. 26, § 2003(1)) (Chubb's emphasis). Chubb adds "[t]here are several exclusions of the policy that are implicated in this claim, and the decision of whether they apply depends first on what the jury awards, and second, on how the court interprets the policy language." *Id.* Even assuming coverage," Chubb continues, "there are other terms that are triggered by what has happened within the last year." *Id.* It highlights Section IV.G. Settlement of the insurance policy, which states:

> The Company shall not settle any Claim without the written consent of the Named Insured. If the Company recommends to the Named Insured a settlement or a compromise that is acceptable to the claimant and the Named Insured refuses to consent to such settlement and elect to contest the Claim or continue any legal proceedings in connection with the Claim, then the Company's obligation to defend ceases and the Limit of Liability under this Policy with respect to such Claim shall be reduced to the amount of Damages for which the Claim could have been settled plus all Claims expenses incurred up to the time the Company made its recommendation to the Named Insured. Such amount shall not exceed the unexhausted Limit of Liability specified in Item 6 [o]f the Declarations.

*Id.*

Per this language, Chubb says, it cannot settle a claim without PRASA's consent; however, it argues that pursuant to the policy's "hammer clause," "if a settlement offer is extended that Chubb is willing to accept but its insured does not

4

consent to, then Chubb's liability going forward will be limited to the amount it was willing to settle for, plus all expenses incurred up to the time that the settlement is recommended." *Id.* ¶ 3. Chubb reports that on June 21, 2024, Aluma extended a settlement demand, one version of which offered partial settlement for only those amounts covered by Chubb's policy, for $750,000; this settlement proposal further extended the $750,000 credit to PRASA, to be applied to all amounts awarded to Aluma and against PRASA that were not covered by Chubb's policy. *Id.* ¶ 4. Chubb says that on August 6, 2024 it requested PRASA's consent to accept this settlement proposal, but "PRASA never provided . . . written consent" and Aluma then withdrew the partial settlement proposal on August 26, 2024. *Id.* ¶ 5. Chubb now argues that, "[p]ursuant to the 'hammer clause' . . . it[]s liability in this case for all covered claims [] is capped at $750,000." *Id.*

Chubb says that it raises this "hammer clause" now "not to convince the Court of Chubb's position, but to allow the Court to understand why bifurcating the direct action against Chubb is in the best interests of justice." *Id.* ¶ 6. It alleges that if the claim is not bifurcated, the jury would hear evidence of Chubb's policy and its terms, about the settlement offers made by Aluma, Chubb's position regarding Aluma's settlement proposals, and PRASA's position regarding the same. *Id.* "These are all matters that have no bearing on PRASA's liability to Aluma . . . and would be greatly prejudicial to PRASA if Chubb were to present them at the same trial," Chubb says, arguing further that "[t]his is exactly the prejudice that the Federal Rules of Evidence seek to prevent." *Id.* (discussing FED. R. EVID. 411).

5

Addressing Federal Rule of Evidence 411, which it says makes evidence of a liability policy inadmissible to prove liability, Chubb cites cases from the District of Maine and a Mississippi state court restricting the introduction of evidence of liability insurance out of concern for juror prejudice. *Id.* (citing, e.g., *Bickford v. Marriner*, No. 2:12-cv-00017-JAW, 2012 U.S. Dist. LEXIS 182855, at *3 (D. Me. Dec. 28, 2012) (citation corrected)). "Even though Puerto Rico is a direct-action jurisdiction," Chubb contends that "in Torres v. Mennonite General Hospital, Inc., Civil No. 12-1914, then Chief Judge Gelpí stated: "It is the court's long-standing practice not to allow such evidence of insurability." *Id.* (citing *Torres, et al. v. Mennonite Gen. Hosp., Inc., et al.*, No. 3:12-cv-01914-GAG (ECF No. 328) (citation corrected) (Chubb's emphasis)).

"For the reasons cited above," Chubb argues that "bifurcating Aluma's claim against Chubb from Aluma's claim against PRASA makes sense, as it would avoid the undue prejudice PRASA would face while trying to argue to the jury why it is not liable while having Chubb present evidence of the settlement offer extended and not accepted by PRASA (plus the claim against Chubb can be heard in an hour [or] two, and potentially even by briefs. . .)." *Id.* ¶ 7.

B.  **Aluma's Response**

Aluma partially concurs with and partially opposes Chubb's motion to bifurcate, clarifying that it supports what it characterizes as Chubb's proposal that "[n]o mention of any aspect of settlement negotiations, offers, counter offers, refusals or any of the like can [b]e presented to the Jury," and opposing the remainder of

Chubb's motion, including the request to bifurcate the upcoming trial. *Aluma's Resp.* ¶¶ 3-16.

Aluma rejects Chubb's motion on the grounds that it is untimely brought on the eve of trial and because bifurcated trials would be prohibitively costly and unnecessary. *Id.* ¶¶ 6-9. Moreover, Aluma contends that "Puerto Rico law permits the direct action by plainti[ff] against the insurance company" and, in the instant case, "Chubb is not here only because its policy protects PRASA. It is here to answer <u>directly</u> to Aluma, not just to reimburse PRASA. <u>Furthermore, it is here to answer for all damages suffered by Aluma as a result of PRASA's negligence, within the limits of its policy</u>." *Id.* ¶ 11 (Aluma's emphasis). Aluma acknowledges, however, that this contention is made "without prejudice of any right that Chubb may have to recover from PRASA any amount it may be forced to pay to Aluma," a matter it says is for PRASA and Chubb to resolve between themselves. *Id.* ¶ 12. Finally, Aluma contends Chubb's citation to Judge Gelpí's decision in *Torres* is unhelpful to the present dispute because "in that case, the surety does not appear to be the defendant." *Id.* ¶ 14.

In sum, Aluma urges the Court to deny Chubb's motion to bifurcate the trial but rule that "no mention of settlement, transactional conversations or offers be allowed in front of the jury." *Id.* at 5.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 42 permits a court, "[f]or convenience, to avoid prejudice, or to expedite and economize," to "order a separate trial of one or more

7

separate issues." FED. R. CIV. P. 42(b). "A Rule 42(b) motion is a matter peculiarly within the discretion of the trial court." *Gonzalez-Marin v. Equitable Life Assur. Soc. of the U.S.*, 845 F.2d 1140, 1145 (1st Cir. 1988); *accord Sacarello v. Am. Airlines, Inc.*, Civil Nos. No-1661 (RAM), 20-1684 (RAM), 2023 U.S. Dist. LEXIS 5119, at *10 (D.P.R. Jan. 10, 2023). "The court may consider whether separate trials would be more convenient to the parties, avoid delay and prejudice, promote judicial efficacy, result in duplicative evidence, or avoid juror confusion." *Sacarello*, 2023 U.S. Dist. LEXIS at *10. "The party seeking to bifurcate has the burden of proving that separating the trial is necessary," *id.* at *11; *accord Maldonado Cordero v. AT&T*, 190 F.R.D. 26, 29 (D.P.R. 1999), and "[w]hen ordering a separate trial, the court must preserve any federal right to a jury trial." FED. R. CIV. P. 42(b).

## V.   DISCUSSION

Here, the crux of Chubb's argument is that the Court should bifurcate Aluma's direct-action claim against Chubb because evidence Aluma may present as to Chubb, first, "ha[s] no bearing on PRASA's liability to Aluma[,] if any," and, second "would be greatly prejudicial to PRASA if Chubb were to present [it] at the same trial." *Chubb's Mot.* ¶ 6. Considering Chubb's arguments in support, and Aluma's arguments in opposition, the Court declines to exercise its discretion to grant Chubb's motion to bifurcate. *See Gonzalez-Marin*, 845 F.2d at 1145 ("A Rule 42(b) motion is a matter peculiarly within the discretion of the trial court").

The Court addresses Chubb's arguments regarding prejudice to PRASA first. Preliminarily, the Court is not altogether certain that Chubb has standing to claim a

risk of prejudice to PRASA, when PRASA has not clearly raised that right for itself. While PRASA and Chubb jointly filed some of their motions in limine, this is not one such motion; indeed, PRASA also did not file an opposition (or respond at all) to Chubb's motion to bifurcate. As such, the Court doubts that, to the extent Chubb grounds its argument in favor of bifurcation in a risk of prejudice to PRASA, it has standing to bring this claim. However, given PRASA's decision not to oppose Chubb's motion, and Chubb and PRASA's inherently intertwined interests in this suit, particularly as concerns the question of bifurcation, the Court proceeds to the merits of Chubb's motion.

As an initial matter, Rule 411, which Chubb cites in support of its motion to bifurcate, does not contain a blanket prohibition on "[e]vidence that a person was or was not insured against liability." FED. R. EVID. 411. In full, the Rule states:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

FED. R. EVID. 411. By the Rule's plain language, this is a more tailored prohibition than the one Chubb presents to the Court. Rule 411 prevents evidence of an entity's insurance for use to "prove whether the person acted negligently or otherwise wrongfully." *Id.* As Chubb cites, the Advisory Committee on the Rules of Evidence explained that Rule 411 is based on "the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases *on improper grounds*." *Chubb's Mot.* at 4 (quoting FED. R. EVID. 411 advisory committee's note

9

(1972)) (emphasis added by Court). This note makes clear that the rule is intended not to entirely prohibit the introduction of evidence of liability insurance, but to forestall its admission "on [the] improper grounds" of "prov[ing] whether the person acted negligently or otherwise wrongfully." FED. R. EVID. 411 advisory committee's note (1972)); FED. R. EVID. 411.

Chubb's cited caselaw applying Rule 411 does not convince the Court otherwise. Chubb's citation to *Bickford v. Marriner*, 2012 U.S. Dist. LEXIS 182855, is not helpful to its position; in *Bickford*, this Court granted in part and dismissed in part a motion in limine to exclude evidence of insurance. It granted the motion to exclude evidence of a party's medical insurance "[b]ased on the agreement of the parties," and dismissed the motion insofar as it moved the Court to exclude evidence of whether the same party had liability insurance, stressing "Mr. Bickford is correct that Rule 411 prohibits the admission of such evidence *only when a party seeks to introduce it as proof of fault or negligence.*" *Bickford*, 2012 U.S. Dist. LEXIS 182855, at *2-3 (emphasis added by Court). Further, as Chubb acknowledges, Maine, unlike Puerto Rico, is not a direct-action jurisdiction.

Chubb also cites then Chief Judge Gelpí's line order in *Torres, et al. v. Mennonite General Hospital, Inc., et al.*; however, on this Court's read, *Torres* is also not applicable. The *Torres* line order "noted" the motion in limine, briefly stating "[i]t is the court's long standing practice not to allow such evidence of insurability. However, should the circumstance arise when such evidence might be presented for a purpose other than insurability, counsel shall first request a sidebar." *Torres*, No.

10

3:12-cv-01914-GAG, *Order* (ECF No. 328).  The Court reviewed the motion in limine this order addressed and observes that it had moved to "preclud[e] any mention or presentation to the jury of any information or document regarding the insurance policy issued by SIMED to Dr. Omar Nieves."  *Torres*, No. 3:12-cv-01914-GAG, *Mot. in Lim. to Preclude Evid. of Ins. Coverage* at 3 (ECF No. 324).  The motion in limine raised arguments under Federal Rule of Evidence 401, 403, and 411; on the argument for exclusion brought pursuant to Rule 411, the moving party argued "[i]n accordance with Rule 411, the Court should, at the very least, preclude any evidence of Dr. Nieves' liability insurance when presented to prove or suggest that said physician acted negligently or wrongfully."  *Id.* ¶ 6.  This argument comports with the Court's understanding of Rule 411 as explained in this order.

"A Rule 42(b) motion is a matter peculiarly within the discretion of the trial court," *Gonzalez-Marin*, 845 F.2d at 1145, and "[t]he party seeking to bifurcate has the burden of proving that separating the trial is necessary."  *Sacarello*, 2023 U.S. Dist. LEXIS at *11.  The Court concludes Chubb has not convinced the Court that bifurcation is necessary pursuant to Rule 411.  Chubb's arguments regarding its reading of the "hammer provision" in PRASA's insurance policy, while illuminating as a matter of contract interpretation, do not lead the Court to a different conclusion on bifurcation.  If anything, Chubb's interpretation of its policy—that the extent of its liability is now capped at the relatively low amount of $750,000 after PRASA's decision to not accept Aluma's settlement proposal to Chubb—would seem to weigh against Chubb's arguments as to the risk of prejudice a consolidated trial poses to

11

PRASA. If a jury learns that PRASA's insurance will not cover more than $750,000, a fraction of the amount Aluma seeks from the Crossclaim Defendants, it would logically seem to minimize the risk that the jury will improperly inflate its award of damages to Aluma based on PRASA's insurance. Thus, the Court does not identify a risk of prejudice to PRASA through the jury's awareness of the insurance coverage and settlement offer. In short, the Court understands Chubb's arguments regarding the extent of its liability, given that PRASA did not consent to Aluma's settlement proposal to Chubb of $750,000 in June of 2024 and the "hammer provision" in the insurance policy, but these arguments do not convince the Court that a bifurcated trial is the proper solution.

Although the Court dismisses without prejudice Chubb's motion to bifurcate, the Court notes its willingness to consider a limiting instruction regarding the purpose of evidence of PRASA's insurance policy at trial, if and when Aluma presents the evidence in a manner implicating any argument of PRASA's negligence or other wrongful act. *See* FED. R. EVID. 411. The onus will be on Chubb to present a properly cited proposed instruction for the Court's consideration.

The Court makes the same determination regarding Aluma's request that the Court issue a blanket ruling that there be "no mention of settlement, transactional conversations or offers be allowed in front of the jury." *Aluma's Resp.* at 5. By the Court's reading of Chubb's motion in limine, Chubb did not make this request that Aluma now purports to agree with. Aluma is generally correct that Federal Rule of Evidence 408 prohibits the introduction of settlement offers or statements made

during settlement negotiations "to prove or disprove the validity or amount" of that claim at a later date. FED. R. EVID. 408. "However, such evidence is admissible for purposes other than to establish the claim's validity or amount." *Moreta v. First Transit of P.R., Inc.*, 39 F. Supp. 3d 169, 176 (D.P.R. 2014) (citing FED. R. EVID. 408). For example, Rule 408 "is inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions," *id.* (quoting *Scott v. Goodman*, 961 F. Supp. 424, 437 (E.D.N.Y. 1997)), and a settlement offer may be used to show "an independent violation . . . unrelated to the underlying claim that was the subject of the correspondence." *Id.* at 176-77 (quoting *Carney v. Am. Univ.*, 151 F.3d 1090, 1095 (D.C. Cir. 1998)). The Court thus determines that, again, the better approach is for Aluma to reiterate its objection or to request a limiting instruction at trial, if and when Chubb or PRASA presents evidence of the parties' prior settlement negotiations or offers in a way that contravenes Rule 408.

Further, under the law of the First Circuit, it is the obligation of counsel to clarify at trial whether a ruling on a motion in limine or other evidentiary ruling is definitive. *Dimanche v. Mass. Bay Transp. Auth.*, 893 F.3d 1, 6 n.6 (1st Cir. 2018). In general, "[p]retrial motions in limine in situations like this need to be renewed and pressed at trial in order to be preserved." *Id.* (citing FED. R. EVID. 103 advisory committee's note to 2000 amendment); *see also Crowe v. Bolduc*, 334 F.3d 124, 133 (1st Cir. 2003) ("Our rule as to motions in limine is that a party must renew at trial its motion to . . . exclude evidence if there has been an earlier provisional ruling by motion in limine and a clear invitation to offer evidence at trial").

## VI.   CONCLUSION

The Court DISMISSES without prejudice Chubb's Motion to Bifurcate Direct Action Claim Against Chubb, and to Bar Any Reference to Chubb (ECF No. 639).

SO ORDERED.

>    /s/ John A. Woodcock, Jr.
>    JOHN A. WOODCOCK, JR.
>    UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2025