UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ALBERTO VÁZQUEZ-COLON, et al.,<br><br>Defendants/Counterclaim Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)  No. 3:18-cv-01795-JAW<br>)<br>)<br>)<br>) |

**ORDER ON PRASA'S MOTION IN LIMINE TO STRIKE ALUMA'S CLAIMS FOR FINANCING OF PROJECT AND INTERESTS, INSURANCE, AND MUNICIPAL TAXES**

A defendant moves in limine to strike five of an opposing party's claims on the grounds that these claims have been waived. The opposing party responds that the court previously found the defendant's arguments as to three of these claims unavailing in its order dismissing the defendant's motion for partial summary judgment and, further, that a motion in limine is the incorrect vehicle in which to move to strike claims at this stage of the litigation. The court agrees with the opposing party that the law of the case doctrine bars relitigation of the defendants' arguments previously resolved by the court and, further, that it would invade the province of the jury for the court to strike claims based on a challenge as to their weight on the eve of trial. The court accordingly dismisses the motion in limine.

**I.   BACKGROUND**

With trial looming, on March 7, 2025, Puerto Rico Aqueduct and Sewer Authority (PRASA) filed a motion in limine "to strike [Aluma's] claims of *Financing of Project and Interests*, *Insurance* and *Municipal Taxes* because Aluma waived them

or [they] are not recoverable under the contract documents." *Mot. in Lim. Re: Claims for* Financing of Project and Interests, Insurance *and* Municipal Taxes at 1 (ECF No. 642) (*PRASA's Mot.*).  On March 14, 2025, Aluma Construction Corporation (Aluma) filed its opposition.  *Opp'n to Mot. in Lim. Regarding Claims for Financing of Project and Interests, Insurance and Mun. Taxes (Dkt. 642)* (ECF No. 655) (*Aluma's Opp'n*).

## II. OVERVIEW

In 2012, Travelers Casualty & Surety Company of America (Travelers) issued a General Agreement of Indemnity in favor of Aluma and issued surety bonds, securing Aluma's performance and its fulfillment of three construction contracts in Puerto Rico.  Travelers was required to pay on the surety bond, indemnified by corporate and individual indemnifiers, and this lawsuit is its attempt to collect from the indemnifiers its surety payment plus costs and expenses.  Furthermore, Travelers asserted that it had paid claims from Aluma's subcontractors, workers, materialmen, and others and that Travelers was, therefore, subrogated against PRASA for that amount.  Travelers' relatively straightforward claims against the owner of the construction project and the indemnifiers subsequently devolved into a complicated dispute among PRASA, Aluma, and the indemnifiers as to who was responsible for construction delays and cost.

Aluma and the other Defendants/Crossclaimants[1] seek damages for contractual torts, alleging they were induced into a construction contract that was

---

[1] At the final pretrial conference, the Court asked about the status of several of the parties, who are listed as active parties on the docket but are not represented by counsel. The docket currently lists as Defendants/Crossclaimants: Alberto Vazquez-Colon, Hilda Pineiro-Caceres, Carlos Gonzalez-Torres, Ivette Gomez-Diaz, Miguel Bermudez-Carmona, Aluma Construction Corporation, Vieques

negligently designed and managed by PRASA. In the alternative, Aluma seeks damages pursuant to the terms of the contract for unpaid costs and/or damages caused by the numerous change orders and different site conditions in the project site. Chubb Insurance Company, the third-party defendant, is an insurer of PRASA. The only pending matter concerning Travelers is the imposition of attorney's fees and costs, and interest on the debt.

## III.  THE PARTIES' POSITIONS

### A.  PRASA's Motion in Limine

PRASA's motion in limine urges the Court to strike five causes of action Aluma raised in its second amended crossclaim on the grounds that "Aluma waived them or [they] are not recoverable under the contract documents." *PRASA's Mot.* at 1 (discussing *Second Am. Answer to the Am. Compl., Second Am. Countercl., Second Am. Crossclaim and Third Party Compl.* at 19 (ECF No. 85)). It specifically seeks to strike Aluma's claims for: (1) Financing of Project and Interests, (2) Insurance, (3) Municipal Taxes, (4) Travelers' Professional Fees, and (5) Claim Preparation Expenses. *Id.* ¶ 29.

PRASA directs the Court to select provisions of the September 14, 2010 construction contract entered into by PRASA and Aluma, emphasizing language surrounding "contract documents," "coordination of contract documents," "written

---

Concrete Mix Corporation, Inter-Island Ferry System Corporation, Vieques F.O.&G. Inc., PRASA, Conjugal Partnership Vazquez-Pineiro, Conjugal Partnership Gonzalez-Gomez. After some discussion, the parties suggested that some of the individuals and entities should no longer be parties to the case. The Court instructed the parties to file an update as to the status of all the parties, except for those represented at the final pretrial conference, by February 26, 2025. By the date of this order's docketing, the parties have not filed such an informative motion.

agreement," "change order," and "claims and disputes." *Id.* ¶¶ 1-6. PRASA next recounts the history of change orders and contract price adjustments in the events underlying this dispute. *Id.* ¶¶ 8-15. PRASA argues that under the general rules governing the enforceability of contracts, "[w]hen the contract is perfected, the parties are bound by its terms and the consequences of the agreement; this now constitutes the law between the parties, and its terms must be complied with," and "[c]ourts of justice cannot free a party from fulfilling what it contractually agreed to do, when said contract is legal and valid, and does not have any defects." *Id.* ¶¶ 17-18 (collecting District of Puerto Rico caselaw).

Returning to the facts of this case, PRASA argues, first, that "Amendment and Change Order L prevail over Aluma's claim letters" because "the claim letters Aluma sent are not part of the contract." *Id.* at 8, ¶ 20. Second, PRASA contends that Aluma "waived any claim that was not indicated and justified in the June 2014 letters," based on PRASA's interpretation of those letters' language. *Id.* at 8. PRASA argues further "[t]his unambiguous language adequately reflects the will of the parties: place a limit on the cause of action Aluma would prosecute" and limit PRASA's liability to "not exceed the sum of the costs '*indicated and justified*' in the MTC claim." *Id.* ¶ 24 (PRASA's emphasis). It proceeds to contrast the demands for money made in writing and justified, *id.* ¶ 28, with the five claims it believes Aluma did not identify and justify in the Amendment and Change Order L; specifically, for Financing of Project and Interests, Insurance, Municipal Taxes, Travelers' Professional Fees, and Claim

4

Preparation Expenses. *Id.* ¶¶ 26-29. Based on the foregoing, PRASA concludes Aluma is barred from pressing these claims at the upcoming trial. *Id.* ¶¶ 30-37.

## B.     Aluma's Opposition

Aluma opposes PRASA's motion on the ground that PRASA has previously moved for the exclusion of three of Aluma's claims and this request was considered and dismissed by Judge Gelpí in his September 15, 2021 omnibus order on PRASA's motion for partial summary judgment. *Aluma's Opp'n* ¶ 19 (citing *Omnibus Opinion & Order* (ECF No. 440)). Further, Aluma says the two other claims not previously raised, for Travelers' Professional Fees and Claim Preparation Expenses, are inappropriate for a motion in limine because they seek the resolution of factual disputes. *Aluma's Opp'n* ¶¶ 6-8, 27, 30. "Thus, the so-called Motion in Limine at Dkt. 642 is a disguised motion for summary judgment and a disguised motion for reconsideration of the order denying the motion for summary judgment at Docket 440," Aluma proffers. *Id.* ¶ 19.

In support of its argument that PRASA's motion to strike Aluma's claims for Financing of Project and Interests, Insurance, and Municipal Taxes warrants dismissal in limine, Aluma quotes PRASA's motion for partial summary judgment:

> ***This motion requests the dismissal*** *of some of the claims included in said Third Cause of Action,* ***because Aluma waived them*** *or are not recoverable under the contract documents (General Conditions and Change Order L). Those claims are* ***Home Office Extended Overhead, Financing of Project and Interests, Insurance and Municipal Taxes***.

*Id.* ¶ 32 (quoting *PRASA's Mot. for Partial Summ. J. Related to Aluma's Waived Claims* ¶ 2 (ECF No. 354) (*PRASA's Summ. J. Mot.*) (Aluma's emphasis). Aluma

5

compares this quote to the language of the pending motion in limine, which states PRASA is "*hereby request[ing] the Court to strike the claims of Financing of Project and Interests, Insurance and Municipal Taxes because Aluma waived them or are not recoverable under the contract documents.*" *Id.* ¶ 33 (quoting *PRASA's Mot.* ¶ 1) (Aluma's emphasis). These are "[n]early identical requests," Aluma asserts. *Id.* ¶ 34. Moreover, Aluma opines that not only did PRASA already raise these arguments, but Judge Gelpí, in considering them, ruled in Aluma's favor, determining Aluma's claims survived the motion for partial summary judgment. *Id.* ¶ 40. Aluma restates its arguments raised in its opposition to the motion for summary judgment and concludes Judge Gelpí's prior ruling does not warrant reconsideration at this late stage. *Id.* ¶¶ 43-57 (citing *Opp'n to Mot. Requesting Entry of Partial Summ. J. Requested by PRASA* (ECF No. 380)).

Aluma concedes PRASA did not previously move for the dismissal of its claims for Travelers' Professional Fees and Claims Preparation Expenses but argues PRASA's motion in limine as to these two claims nonetheless fails on the merits. "PRASA misunderstood those claims" because "[t]hey are not based on Charge Order L nor are they based on the Contract," Aluma says. *Id.* ¶ 59. Rather, "[t]hose claims are damages caused for the **breach of the contract** between the parties," *id.*, and "[u]nder Puerto Rico law, when a party breaches a contract, it is liable to the aggrieved party for damages which was foreseen or may have been foreseen." *Id.* ¶ 65 (citing *Oriental Fin. Grp., Inc. v. Fed. Ins. Co.*, 483 F. Supp. 2d 161, 165 (D.P.R. 2007)).

6

Aluma urges the Court to dismiss PRASA's motion in limine and, further, to impose sanctions in the form of attorney's fees and costs "for the work in drafting this opposition due to the repetitive, oppressive, burdensome and misleading nature of PRASA's request." *Id.* ¶ 72.

## IV.    LEGAL STANDARD

The Federal Rules of Evidence dictate the parameters for admissibility of evidence in this Court. "In evaluating the admissibility of proffered evidence on a pretrial motion in limine, the court must assess whether the evidence is relevant and if so, whether it is admissible, pursuant to Federal Rules of Evidence 401 and 402." *Negrón Adames v. Dorado Health Inc.*, Civ. No. 21-01077 (MAJ), 2023 U.S. Dist. LEXIS 172156, at *2 (D.P.R. Sept. 25, 2023) (quoting *Daniels v. D.C.*, 15 F. Supp. 3d 62, 66 (D.D.C. 2014)). The burden is on the introducing party to establish relevance and admissibility. *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990). "Evidence need not to definitively settle a central issue in the case, 'but rather need only move the inquiry forward to some degree.'" *Negrón Adames*, 2023 U.S. Dist. LEXIS 172156, at *4 (citing *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021)). As the First Circuit has noted, the threshold for establishing relevance is "very low," and "it is no exaggeration to say that '[a] relevancy-based argument is usually a tough sell.'" *Cruz-Ramos*, 987 F.3d at 42 (quoting *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010)).

However, under Federal Rule of Evidence 403, a district court should exclude evidence "if its probative value is substantially outweighed by the danger of unfair

7

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 6 n.3 (1st Cir. 2001) (quoting FED. R. EVID. 403)). Under this rule, courts have "considerable latitude in determining whether to admit or exclude evidence." *Santos v. Sunrise Med., Inc.*, 351 F.3d 587, 592 (1st Cir. 2003).

## V. DISCUSSION

Here, PRASA's argument is that the Court should strike Aluma's claims for Financing of Project and Interests, Insurance, Municipal Taxes, Travelers' Professional Fees, and Claim Preparation Expenses and accordingly prevent Aluma from presenting any evidence as to those five claims at trial. The Court declines to do so.

### A. The Law of the Case Doctrine

The first flaw in PRASA's motion in limine is the extent to which the doctrine of the law of the case bars its relitigation of a previously resolved issue. "Under the law of the case doctrine," the First Circuit has written, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Negron-Almeda v. Santiago*, 579 F.3d 45, 50 (1st Cir. 2009) (quoting *United States v. Wallace*, 573 F.3d 82, 87-88 (1st Cir. 2009)). This Court has the authority to revisit a prior order. *Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power"). Even so, the standard for reviewing a prior decision is strict.

8

In *Harlow v. Children's Hospital*, 432 F.3d 50 (1st Cir. 2005), the First Circuit wrote that "[u]nder the law of the case doctrine, as now most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Id.* at 55 (quoting *Arizona*, 460 U.S. at 618 n.8); *accord United States v. Matthews*, 643 F.3d 9, 14 (1st Cir. 2011) ("A party may avoid the application of the law of the case doctrine only by showing that, in the relevant time frame, 'controlling legal authority has changed dramatically'; or by showing that 'significant new evidence, not earlier obtainable in the exercise of due diligence,' has come to light; or by showing that the earlier decision is blatantly erroneous and, if uncorrected, would work a miscarriage of justice") (quoting *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993)).

The Court agrees with Aluma that the law of the case doctrine presents a substantial obstacle for PRASA's current request to exclude claims for which it has previously and unsuccessfully sought dismissal. Indeed, Aluma is correct that PRASA filed a partial motion for summary judgment on December 11, 2020, "request[ing] the dismissal of some of the claims included in [Aluma's] *Third Cause of Action*, because Aluma waived them or [they] are not recoverable under the contract documents (General conditions and Change Order L)." *PRASA's Summ. J. Mot.* (PRASA's emphasis). PRASA further identified these claims as "*Home Office Extended Overhead, Financing of Project and Interests, Insurance* and *Municipal Taxes*." *Id.* (PRASA's emphasis).

9

The Court reviewed the docket and agrees with Aluma's interpretation that the Court previously declined to dismiss certain claims now implicated in PRASA's pending motion in limine. First, Judge Gelpí's September 15, 2021 omnibus order dismissed PRASA's motion for summary judgment as to Aluma's claim of Financing of Project and Interests. *Omnibus Opinion & Order* at 13 ("Aluma may recover damages from (1) Financing of Project and Interests because it was *explicitly* referred to as a plausible claim in the Modified Total Cost") (citing *Vulcan Tools of P.R. v. Makita U.S.A., Inc.*, 23 F.3d 564, 567 (1st Cir. 1994)) (emphasis in original). Second, the same order declined to grant summary judgment to PRASA on Aluma's claim for Extended Office Overhead. *Id.* at 15-16 ("In accordance with the contractual dispositions, Aluma may recover the claims in Change Order L's Modified Total Cost based on Aluma's Cost of the Work pursuant to Article 10.2.6. Thus, the Court holds that Aluma's claim of '(4) Extended Office Overhead' may proceed to include the costs from Aluma's main office as well as the Construction Project office"). Finally, the September 15, 2021 order dismissed PRASA's request for summary judgment as to Aluma's respective claims for Insurance and Municipal Taxes. *Id.* at 12-13 ("The Court disagrees with PRASA's interpretation of the Construction Contract's supplemental documents. The Modified Total Cost's language of 'which, includes, without limitation, the following,' . . . is clear and shows that the Construction Contract meant to include *additional* items related to the Construction Project such as (2) Insurance and (3) Municipal Taxes that were not specifically listed in the Modified Total Cost but were nevertheless included in the initial cost calculations . .

.. The fact that Aluma's proposed economic damages expert referred to (2) Insurance and (3) Municipal Taxes as separate items . . . does not imply that Aluma waived them in the Modified Total Cost by not making the same distinction") (citing *Yordán v. Burleigh Point, Ltd.*, 552 F. Supp. 2d 200, 203 (D.P.R. 2007)) (emphasis in original).

"Under the law of the case doctrine, as now most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Harlow*, 432 F.3d at 55. The Court reviewed Judge Gelpí's order and concludes it is not "clearly erroneous," and further that applying the law of the case doctrine to this order would not "work a manifest injustice." *Id.* To the contrary, Judge Gelpí's omnibus order, including its extended discussion of PRASA's motion for summary judgment, is extremely thorough and the Court agrees with its analysis and conclusions in their entirety. PRASA also has not argued, and the Court does not independently conclude, that the law of the case doctrine can be avoided because "in the relevant time frame, 'controlling legal authority has changed dramatically'; . . . [or] 'significant new evidence, not earlier obtainable in the exercise of due diligence,' has come to light." *Id.* The September 15, 2021 order on PRASA's motion for summary judgment is thus subject to the law of the case doctrine and the Court declines to reopen the issues resolved by Judge Gelpí in the same. *See Omnibus Opinion & Order*. These issues are, again, PRASA's motion for summary judgment (now, to strike) Aluma's claims for Financing of Project and Interests, Insurance, and Municipal Taxes.

B.     **Relevant Evidence**

Even if Judge Gelpí's September 15, 2021 order were not subject to the law of the case doctrine, however, the Court would still not agree with PRASA that Aluma's claims of Financing of Project and Interests, Insurance, and Municipal Taxes—and Travelers Professional Fees and Claims Preparation Expenses, which Aluma concedes PRASA has not raised before—should be excluded through an order on a motion in limine.

As an initial matter, evidence in support of causes of action is relevant under Rule 401, and PRASA has raised no argument as to why this relevant evidence warrants exclusion pursuant to Rule 403. The Court is independently aware of none. By the Court's reckoning, PRASA's argument instead goes to the weight of Aluma's evidence. PRASA urges the Court to strike Aluma's claims based on its belief that Aluma lacks sufficient evidence to prove these points at trial, grounded on its own interpretation of the parties' September 14, 2010 construction contract. It is a question for the jury, not the Court, whether Aluma can convince a jury that it has a winning claim on any or all of these five points. Indeed, it is foundational that "[t]he weight of evidence is a question for the jury. And questions about whether evidence is sufficient to reasonably meet a burden of persuasion are questions of evidentiary sufficiency, not relevance." *Negrón Adames*, 2023 U.S. Dist. LEXIS 172156, at *2 n.3 (quoting *Wolpert v. Abbott Labs*, 08-cv-4849, 2012 U.S. Dist. LEXIS 63755, at *6-7 (D.N.J. May 7, 2012)). Indeed, the meaning of this construction contract's provisions is the crux of the dispute that the jury will be asked to decide at trial.

Finally, the Court notes that under the law of the First Circuit, it is the obligation of counsel to clarify at trial whether a ruling on a motion in limine or other evidentiary ruling is definitive. *Dimanche v. Mass. Bay Transp. Auth.*, 893 F.3d 1, 6 n.6 (1st Cir. 2018). In general, "[p]retrial motions in limine in situations like this need to be renewed and pressed at trial in order to be preserved." *Id.* (citing FED. R. EVID. 103 advisory committee's note to 2000 amendment); *see also Crowe v. Bolduc*, 334 F.3d 124, 133 (1st Cir. 2003) ("Our rule as to motions in limine is that a party must renew at trial its motion to . . . exclude evidence if there has been an earlier provisional ruling by motion in limine and a clear invitation to offer evidence at trial").

## VI. CONCLUSION

The Court DISMISSES without prejudice PRASA's Motion in Limine Re: Claims for *Financing of Project and Interests, Insurance* and *Municipal Taxes* (ECF No. 642).

Although the Court agrees with the thrust of Aluma's opposition to PRASA's motion in limine, the Court denies Aluma's request to issue sanctions against PRASA for reasserting arguments previously decided.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2025